NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | Crim. No. 07-00613 |
| Plaintiff, | : | (SDW) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| TYSHAUN ST. VALLIER, | : | |
| | : | October 15, 2014 |
| Defendant. | : | |

**WIGENTON**, District Judge.

Before the Court are the following pending motions filed by defendant, Tyshaun St. Vallier ("Defendant" or "St. Vallier"): a motion to re-open time to file a notice of appeal (ECF No. 184), and a motion for leave to file an Amended Petition. (ECF No. 191.) For the reasons stated below, this Court **DENIES** Defendant's motions.

**BACKGROUND AND PROCEDURAL HISTORY**

On April 27, 2009, a jury convicted Defendant of Counts One and Two of the Superseding Indictment returned against him, finding that Defendant had conspired to import, and did import, over 500 grams of cocaine from Trinidad.[1] (ECF Nos. 96, 104.) Ezra McCombs ("McCombs") was a purported coconspirator in the matter.

On or about May 18, 2009, Defendant filed a Motion for a New Trial under Federal Rule of Criminal Procedure 33(b)(2), (ECF. No. 109), which was denied on July 8, 2009. On August 3, 2009, Defendant was sentenced to a total of 204 months incarceration. On April 26, 2011,

---

[1] St. Vallier pled guilty to Count Three of the Superseding Indictment (Failure to Appear) before the trial on drug trafficking commenced.

Defendant was re-sentenced pursuant to a Third Circuit ruling. Upon resentencing, the length of his sentence remained at 204 months.

On May 1, 2012, St. Vallier filed a motion for a new trial, pursuant to Rule 33, on claims of newly discovered evidence allegedly suppressed by the U.S. Attorney's Office. Defendant also alleged that McCombs, who testified on behalf of the prosecution, perjured himself at trial. (ECF No. 153.) On May 14, 2012, Defendant filed a motion to file an Amended Motion. (ECF No. 154.)

In June 2012, Defendant's former attorney, Michael Paul, Esq. ("Paul"), was reappointed, and was later provided funds to hire a private investigator. On June 25, 2012, Defendant filed a motion for release of *Brady*[2] materials. (ECF. No. 163.) While the above motions were pending, Defendant asked that Paul be relieved of his appointment so that Defendant could proceed *pro se*. (ECF No. 171.) On October 16, 2012, the Court granted Defendant's request to release counsel. (ECF No. 172.)

Defendant's Rule 33 motion was based on information sent on July 6, 2011 by the U.S. Attorney's Office to Defendant's attorney of record at that time, Paul, and also to the Court regarding Shawn Hudson ("Hudson") ("July 6, 2011 Letter"). Defendant argued that he was entitled to relief as a result of the disclosure and asserted that the following bases resulted in a tainted conviction: (1) newly discovered evidence; (2) perjured testimony resulting in a tainted conviction; (3) failure to disclose material evidence timely, a violation of his procedural due process; (4) failure to disclose pre-trial disclosure, a *Brady* violation; (5) the Government's knowing use of perjured testimony, violating Defendant's due process and right to a fair trial;

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

and (6) additional testimony known to be false relating to Defendant's May 1, 2012 motion. (Def. Mot. for New Trial at 3.)

On October 3, 2013, Defendant filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255.  (*See St. Vallier v. United States*, Civil No. 13-cv-6118 (SDW).)

On October 31, 2013, this Court granted Defendant's motion to file an amended motion, as filed, but denied Defendant's Rule 33 motion for a new trial and his motion for *Brady* materials. (ECF No. 181; also docketed at ECF No. 182.)

On January 15, 2014, Defendant wrote to the Court requesting a copy of the docket sheets. (ECF No. 183, docketed on January 23, 2014.)  On February 18, 2014, Defendant filed this motion to re-open time to file a notice of appeal from this Court's October 31, 2014 Order denying his motion for a new trial and for release of *Brady* materials. (ECF No. 184.)  On April 4, 2014, Defendant filed a motion for leave to amend his petition, which amends his motion to re-open time to file a notice of appeal by adding a separate Notice of Appeal, and noting that his motion was filed pursuant to Fed. R. App. P. 4(a)(6).  (ECF No. 191.)  Defendant's motions state that he was not able to file a timely notice of appeal from the October 31, 2014 Order due to excusable neglect.  Namely, Defendant states that he did not receive notice of the October 31, 2013 Order until after he wrote the Court on January 15, 2014, requesting the status of his Rule 33 Motion.  On January 31, 2014, Defendant received a copy of the docket sheet, showing that his motion was denied on October 31, 2013.   Thus, Defendant states that he was "unknowledgeable" of the Court's October 31, 2013 ruling for almost 90 days.  (ECF No. 191, Def. Motion at 2.)

On April 18, 2014, the Government filed a letter in opposition to Defendant's motions. (ECF No. 192.)  Defendant filed a reply on May 12, 2014. (ECF No. 194.)

3

**DISCUSSION**

The Government correctly states that Fed. R. App. P. 4(b) governs appeals in criminal cases rather than Rule 4(a)(6), as suggested by Defendant. Specifically, Rule 4(b)(1) provides: "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed." Further, Rule 4(b)(4) specifies limited circumstances under which motions to extend this deadline may be granted: "Upon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

Thus, this Court's authority to extend Rule 4(b)(1)(A)'s prescribed deadline is limited to 30 days. Fed. R. App. P. 4(b)(4); *see United States v. Carelock*, 459 F.3d 437, 441 n.7. (3d Cir. 2006). The Third Circuit has emphasized that Rule 4(b)'s deadline is "rigid." *Virgin Islands v. Martinez*, 620 F.3d 321, 328–29 (3d Cir. 2010).

Nevertheless, the Third Circuit has delineated one narrow exception to the otherwise inflexible deadline, holding that any delay by the prison in conveying notice of a district court's order is excluded from the computation of the time for filing a notice of appeal. *See United States v. Grana*, 864 F.2d 312, 316 (3d Cir. 1989), *abrogated on other grounds by Virgin Islands v. Martinez*, 620 F.3d 321 (3d Cir. 2010). The Third Circuit emphasized that its holding in *Grana* "does not disturb the basic principle that lack of notice of a final judgment does not affect the running of the time for appeal." *Id*. (internal citation omitted). Indeed, the Third Circuit recently has made clear that "where . . . the delay is caused by the clerk's office, the rule of . . . *Grana* does not apply." *Baker v. United States*, 670 F.3d 448, 461 (3d Cir. 2012) ("[W]e will not

remand to the District Court here because we can conclude from facts already contained in the record that the delay of which Baker complains was not due to prison officials, but rather, due to error in the clerk's office.").

In this case, Defendant acknowledges that this Court entered judgment denying his motion for a new trial on October 31, 2013, and that the time for filing a notice of appeal expired 14 days afterward on November 14, 2013.  (ECF No. 191, Def. Motion at 1, ¶ 2.)  However, Defendant states that he did not receive notice of this Court's denial of his motion for a new trial until January 31, 2014, after Defendant had written to the Court on January 15, 2014, requesting the status of his motion.  (*Id*. at 2; *see also* Def. Affidavit at ¶¶ 2, 4.)  Defendant then filed his motion to re-open time to file a notice of appeal on February 4, 2014, which motion was received by the Court on February 18, 2014.  (ECF No. 184.)  Thus, Defendant's motion was filed 96 days after the entry of the October 31, 2013 Order, well beyond the 30-day extension permitted under Rule 4(b)(4).

As discussed above, the Court Clerk's alleged failure to notify Defendant of the denial of his Rule 33 motion does not excuse his untimely appeal because Rule 4(b) does not expressly provide for this exception.  *See* Fed. R. Crim. P. 49(c) ("Except as [Rule] 4(b) provides otherwise, the clerk's failure to give notice does not affect the time to appeal, or relieve — or authorize the court to relieve — a party's failure to appeal within the allowed time.") ; *see also United States v. Gill*, 552 F. App'x 105, 106 (3d Cir. 2014); *Baker*, 670 F.3d at 461.  Consequently, Defendant has not demonstrated excusable neglect or good cause to extend the time to file his notice of appeal.  The narrow exception set forth in *Grana* does not apply here, because Defendant affirmatively states in his motion and accompanying affidavit that the delay in learning about the outcome of his motion for a new trial was attributable to the fact that he did

5

not receive timely notice of the denial from the Clerk of Court, and not because of any delay in notice caused by the prison.

This Court also finds that Defendant's argument that his motion is civil in nature, and thus subject to Rule 4(a)(6), is specious. There is no confusion over the fact that Defendant's motion pertains to his criminal matter, and is not civil in nature.

In sum, this Court finds that Defendant's motions for an extension of time to file an appeal are untimely, and Defendant has proffered no legitimate legal basis for this Court to extend the deadline. Defendant's initial motion was filed 96 days after the October 31, 2013 Order denying Defendant's Rule 33 motion, in contravention of Rule 4(b). Moreover, by his own admission, Defendant blames this delay on the Clerk's office, not the prison where he is housed. Therefore, Defendants motions are denied.

**CONCLUSION**

For the reasons set forth above, this Court **DENIES** Petitioner's Motions. An appropriate Order follows.

/s/ Susan D. Wigenton
SUSAN D. WIGENTON
United States District Judge